| ✓ FILED | _____ RECEIVED |
| _____ ENTERED | _____ SERVED ON |
| | COUNSEL/PARTIES OF RECORD |

MAR 23 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

**JOSE DECASTRO**
5350 Wilshire Blvd., P.O. Box 36143
Los Angeles, CA 90036
(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JOSE DECASTRO,
Plaintiff,
vs.
JOHN DOE OFFICERS,
Defendants.

**Case No. 2:25-cv-02331**

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS AND FOR LEAVE TO CONDUCT EARLY DISCOVERY TO IDENTIFY JOHN DOE OFFICERS PURSUANT TO FED. R. CIV. P. 4(m) AND GILLESPIE v. CIVILETTI

Plaintiff Jose DeCastro, proceeding pro se, respectfully moves this Court for: (1) a 90-day extension of time to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 6-1; and (2) leave to conduct limited early discovery for the sole purpose of identifying the John Doe Officers named as Defendants in this action.

### I. INTRODUCTION

On or about November 21, 2025, the Court issued a Notice of Intention to Dismiss this action for failure to serve the unnamed John Doe Officers. The current deadline to respond or complete service is March 21, 2026.

This case arises from a traffic stop and detention of Plaintiff by approximately eight (8) Nevada Highway Patrol motorcycle officers on November 22, 2023, on Interstate-15 approximately 30 miles outside Las Vegas, Nevada. During the encounter, Plaintiff was placed in handcuffs and informed that an NCIC database entry flagged him as having "abrupt tendencies of violence" — a designation Plaintiff disputes and was denied the ability to verify. Plaintiff's constitutional rights were violated during the course of that detention.

Plaintiff cannot serve defendants whose identities remain unknown to him. The names, badge numbers, and assignment records of the officers involved are exclusively within the control of the Nevada Highway Patrol. Plaintiff has diligently pursued those identities through the Nevada Public Records Act — and has not received sufficient information to complete identification and service.

This is precisely the situation the Ninth Circuit addressed in Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980), which held that dismissal is inappropriate where a plaintiff has not been given the opportunity to identify unknown defendants through discovery. Plaintiff respectfully requests that

the Court follow Gillespie, grant the requested extension, and authorize limited early discovery compelling disclosure of the officers' identities so this case may proceed on its merits.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides that a court must extend the time for service if the plaintiff shows good cause, and retains discretion to grant an extension even absent good cause. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).

In Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), the Ninth Circuit held that where the identity of alleged defendants is not known prior to filing, the plaintiff should be given an opportunity through discovery to identify them, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Dismissal without affording that opportunity is an abuse of discretion.

Courts in this Circuit have consistently applied Gillespie in civil rights cases involving unnamed law enforcement officers. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (reversing dismissal of Doe defendants where plaintiff had no opportunity to identify officers through discovery).

## III. ARGUMENT

### A. Plaintiff Has Acted Diligently to Identify the John Doe Officers

On November 18, 2025, Plaintiff filed a formal public records request with the Nevada Highway Patrol — Southern Command and the Nevada Department of Public Safety pursuant to the Nevada Public Records Act, NRS Chapter 239. That request specifically sought the names, badge numbers, ranks, and unit assignments of all officers present during the November 22, 2023 traffic stop on Interstate-15, along with body-worn camera footage, dispatch logs, CAD records, and all documentation associated with the incident.

Despite that request, Plaintiff has not received sufficient information to identify the officers involved and complete service of process. The identities of the John Doe Officers therefore remain exclusively within the control of the Nevada Highway Patrol, and Plaintiff has exhausted the administrative avenues available to him without court intervention.

Plaintiff's diligence is not in question. He filed the records request before this Court issued its Notice of Intention to Dismiss. The failure to complete service is attributable entirely to the government's failure to produce identifying information — not to any neglect or bad faith on Plaintiff's part.

Plaintiff has also reviewed contemporaneous recordings of the incident, which confirm that multiple officers were present, body-worn cameras were active, a supervising sergeant responded to the scene, and at least one officer was identified on audio as "Morty." Despite this, Defendants' identities remain exclusively within the control of the Nevada Highway Patrol.

### B. Good Cause Exists for a 90-Day Extension Under Rule 4(m)

Plaintiff is proceeding without counsel and has diligently pursued identification of the officers, but is unable to complete service because the identifying information remains solely within the control

of the Nevada Highway Patrol. See also Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009) (good cause exists where external factors prevent timely service despite diligence).

No prejudice will result to any party from granting the extension. Because no Defendants have been identified or served, no opposing party exists from whom consent to this extension could be obtained. Denial, by contrast, would result in dismissal of a meritorious civil rights action through no fault of Plaintiff.

### C. The Court Should Authorize Limited Early Discovery Under Gillespie

Under Gillespie, this Court should authorize Plaintiff to serve limited discovery on the Nevada Highway Patrol for the sole purpose of identifying the officers involved in the November 22, 2023 incident. This discovery would be narrowly targeted — seeking only names, badge numbers, ranks, and unit assignments of the officers present — and would impose no undue burden.

The rationale of Gillespie applies with full force here. Plaintiff is a First Amendment journalist whose constitutional rights were violated by state law enforcement officers acting under color of law. The state agency possesses the identifying information. Plaintiff has already attempted to obtain it through the Nevada Public Records Act and has been unsuccessful. Without court-authorized discovery, Plaintiff has no remaining mechanism to compel disclosure.

Allowing dismissal under these circumstances would effectively immunize the officers from civil rights accountability simply because the agency that employs them declined to identify them — an outcome fundamentally at odds with the purposes of 42 U.S.C. § 1983 and the Ninth Circuit's holding in Gillespie.

Authorizing early discovery is the most efficient path forward. It gives Plaintiff a concrete mechanism to obtain the identities, complete service, and advance this case — all within the requested 90-day window.


### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:


1. Grant a 90-day extension of time to serve Defendants, extending the current deadline to June 19, 2026; and

2. Authorize Plaintiff to serve a limited discovery request on the Nevada Highway Patrol — Southern Command seeking the names, badge numbers, ranks, and unit assignments of all officers present during the November 22, 2023 traffic stop on Interstate-15, returnable within 30 days of the Court's order.


Respectfully submitted,

/s/ Jose DeCastro
**Jose DeCastro**
5350 Wilshire Blvd., P.O. Box 36143
Los Angeles, CA 90036

4

(310) 963-2445
chille@situationcreator.com
Plaintiff, Pro Se

DATED: March 20, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, I served a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND FOR LEAVE TO CONDUCT EARLY DISCOVERY by depositing the same in the United States mail, first-class postage prepaid, addressed to:

Clerk of Court
United States District Court, District of Nevada
333 Las Vegas Blvd. South
Las Vegas, NV 89101


/s/ Jose DeCastro
**Jose DeCastro**
Plaintiff, Pro Se