**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jose DeCastro.,

Plaintiffs,

v.

John Doe Officers et al.,

Defendant.

Case No. 2:25-cv-02331-CDS-BNW

**ORDER**

Before this Court is Plaintiff's motion for Leave to Conduct Early Discovery. ECF No. 7. For the reasons discussed below, Plaintiff's motion is granted.

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Indeed, Rule 26(d) authorizes early discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26(d). "Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for early discovery." *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-04339-RS, 2023 WL 6542326, at *1 (N.D. Cal. Sept. 22, 2023).

> In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine if the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates the action can withstand a motion to dismiss; and (4) shows the discovery is reasonably likely to lead to identifying information that will permit service of process.

*Id.* (citing Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

Here, Plaintiff has established good cause for early discovery. First, Plaintiff has identified the Doe defendants with sufficient specificity so the court can determine they are real persons who can be sued in federal court. *See* ECF No. 1 at 2–3. Second, Plaintiff has identified the steps he has undertaken to locate and identify the defendants. *See* ECF No. 7 at 2. Third, Plaintiff has

sufficiently pleaded claims for relief against the doe defendants.[1] *See generally* ECF No. 1. And fourth, the discovery Plaintiff requests—contacting the appropriate State agencies through court-authorized discovery requests—is reasonably likely to lead to identifying information that will permit service of process. ECF No. 7 at 3.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion (ECF No. 7) is GRANTED. Plaintiff may conduct early discovery to obtain the identities of the doe defendants.

DATED this 25th day of March 2026.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] The fact that this Court finds Plaintiff's claims sufficiently pled at this stage does not foreclose the possibility of granting a motion to dismiss. *See Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. March 28, 2007) ("a defendant's right to bring a motion to dismiss is not foreclosed by the issuance of a sua sponte screening providing that the prisoner has stated a claim").